# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 17-572 PA (AGRx) | Date | April 19, 2017 |
|---|---|---|---|
| Title | Doreen Kent, et al. v. FCA US LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| V.R. Vallery | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by FCA US LLC ("Defendant") on March 24, 2017. (Docket No. 1.) Defendant asserts that the Court has jurisdiction over this action, brought by plaintiffs Doreen Kent and Donald Mead (collectively, "Plaintiffs"), based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled in the place he resides with the intent to remain or to which he intends to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

Here, the Notice of Removal asserts that "Plaintiffs are, and were at the time the State Court Action was commenced, citizens and residents of the State of California." (Notice of Removal ¶ 10.) Although Defendant cites Plaintiffs' Complaint in support of this allegation, the Complaint makes no

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 17-572 PA (AGRx) | Date | April 19, 2017 |
|---|---|---|---|
| Title | Doreen Kent, et al. v. FCA US LLC, et al. | | |

reference to Plaintiffs' citizenship or domicile. Rather, the Complaint states only that "Plaintiffs, Doreen Kent and Donald Mead are individuals residing in the City of Indian Wells, County of Riverside, and State of California." (Id., Exh. A, Compl. ¶ 1.)

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. In this case, Defendant has not affirmatively alleged Plaintiffs' actual citizenship. Because an individual is not necessarily domiciled where he resides, Defendant's allegation is insufficient to establish that Plaintiffs are California citizens or the existence of complete diversity. See id.

As a result, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Riverside County Superior Court, Case No. 1602763 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.